UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LAWRENCE FULTZ                                    CIVIL ACTION

VERSUS                                            NO: 16-1132

PLANTATION BAY, LLC ET AL                         SECTION: "H"(2)

ORDER AND REASONS

Before the Court is Plaintiff's Motion to Strike the Requests for a Jury Trial and Rule 11 Sanctions in Defendant Chateau Orleans Poboys, LLC's Answer (Doc. 8). For the following reasons, the Motion is **GRANTED**.

BACKGROUND

This is a suit under the Americans with Disabilities Act ("ADA"). Defendant Plantation Bay, LLC ("Plantation") owns and operates the Plantation Bay Shopping Center in Marrero, Louisiana. Defendant Chateau Orleans Poboys, LLC ("Chateau") leases space in the shopping center and operates Chateau Orleans Poboys restaurant in the space. Plaintiff Lawrence Fultz is disabled within the meaning of the ADA, requiring a wheelchair or crutches for mobility. He states that he experienced serious difficulty accessing the goods and utilizing the services at Chateau Orleans Poboys due to Defendants' noncompliance with the ADA. He seeks declaratory and

1

injunctive relief directing Defendants to alter the property in compliance with the ADA.

In its answer Defendant Chateau makes a jury demand and further indicates that "Rule 11 sanctions may be applicable to this matter." Plaintiff moves to strike these portions of the answer, and Defendant Chateau opposes.

## LEGAL STANDARD

A court "may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter."[1] The court has the authority to act on its own or pursuant to a "motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading."[2] Courts have considerable discretion in deciding whether to grant or deny a motion to strike.[3] However, motions to strike are generally disfavored and rarely granted.[4] The action of striking a pleading "is a drastic remedy to be resorted to only when required for the purposes of justice."[5] A motion to strike generally should not be granted absent a showing of prejudice to the moving party.[6]

## LAW AND ANALYSIS

Plaintiffs ask the Court to strike both Defendant Chateau's jury demand and their reference to Rule 11 sanctions. The Court will consider these requests separately.

---

[1] Fed.R.Civ.P. 12(f).
[2] Id.
[3] See *In re Beef Indus. Antitrust Litig.*, 600 F.2d 1148, 1168 (5th Cir.1979).
[4] *Augustus v. Bd. of Pub. Instruction*, 306 F.2d 862, 868 (5th Cir.1962).
[5] *Id.* (quoting *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir.1953)).
[6] See *id.*

**I. Jury Demand**

Plaintiff moves to strike Defendant Chateau's jury demand, arguing that trial by jury is not permitted where the Plaintiff seeks only equitable relief. In response, Chateau has indicated that it does not dispute this premise, and agrees to a bench trial as long as Plaintiff seeks only equitable relief. The Court has reviewed Plaintiff's Complaint and finds that he does not seek damages. Accordingly, the motion to strike Chateau's jury demand, contained in paragraph 32 of its answer, is granted.

**II. Rule 11 Sanctions**

Plaintiff next asks the Court to strike paragraph 33 of Chateau's answer, which states "Chateau Orleans Poboys, LLC suggests to the court that Rule 11 sanctions may be applicable in this matter."[7] Rule 11(b) of the Federal Rules of Civil Procedure provides that, upon presenting a pleading to the court, an attorney certifies that:

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.[8]

Rule 11(c) provides that, if a party believes that Rule 11(b) has been violated, he may move for sanctions. Such a motion "must be made separately from any

---

[7] Doc. 7 at 4.
[8] Fed. R. Civ. Proc. 11.

other motion and must describe the specific conduct that allegedly violates Rule 11(b)." The rule also contains a "safe harbor" provision, whereby such a motion must be served on the allegedly offending party but not presented to the Court for 21 days, thereby providing the party an opportunity to withdraw the challenged pleading.

Without context or explanation, Chateau asserts that Rule 11 Sanctions may be necessary in this matter. In response to Plaintiff's motion to strike this unsubstantiated assertion, Chateau asserts that, though it has not yet moved for such sanctions, it believes Rule 11 sanctions may prove necessary because of the fact that "plaintiff . . . has filed 12 lawsuits against various local business, as well as Jefferson Parish, for various alleged violations of the [ADA]" and because "[t]he law firm representing Fultz, the Bizer Law Firm, has also brought dozens of ADA claims in the Eastern District in that same time span." The Court notes that these allegations fall woefully short of the standard required to establish a violations of Rule 11. The fact that Plaintiff has filed multiple lawsuits, without more, creates no presumption of a violation. Furthermore, the Court notes that there is an exceedingly reasonable explanation for the prevalence of ADA cases filed by the Bizer Law Firm—this is the firm's primary area of practice.[9] To allow such a nebulous accusation of sanctionable conduct to stand would serve to undercut the "safe harbor" provisions of Rule 11, which mandates that a party give his opponent the opportunity to withdraw an offending pleading prior to including the serious allegation of a Rule 11 violation in the public record. Rule 11 violations are a serious matter, and accordingly must be plead with specificity. Defendant is advised that flippant allegations of Rule 11(b) violations will not

---

[9] See The Bizer Law Firm, http://www.bizerlaw.com/ (last visited August 26, 2016).

be permitted in this Court. Plaintiff's motion is granted with respect to paragraph 33 of Chateau's Answer.

## CONCLUSION

For the forgoing reasons, Plaintiff's Motion to Strike is **GRANTED**. Paragraphs 32 and 33 of Defendant Chateau's Answer (Doc. 7) are **STRICKEN**.

New Orleans, Louisiana this 29th day of August, 2016.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**